UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRANDALL POSTELL,

      Plaintiff,

v.                                        Case No:  6:13-cv-60-Orl-36TBS

FIFTH THIRD BANK and DAVID A.
MONACO,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

     Pending before the Court is Plaintiff's Amended Complaint (Doc. 9) and Amended Motion to Proceed In Forma Pauperis (Doc. 10). Upon due consideration I respectfully recommend that the motion be **denied**  and Plaintiff's Amended Complaint be **dismissed with prejudice**.

### I.  Background

     Prior to determining whether Plaintiff qualifies to proceed in forma pauperis, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.  Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted.

     Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

_____

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). But, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief. Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

Plaintiff alleges that on February 6, 1999, he applied to Fifth Third Bank for a $4,500 loan. (Doc. 9 ¶ 6).[2] The Bank refused to make the loan despite Plaintiff's 774 credit score and offer of his 1989 BMW convertible as collateral. (Id.) In 2001, Plaintiff sued the Bank in state court for discrimination. (¶ 7). In 2008, Defendant David A. Monaco, then-Chief Judge of Florida's Fifth District Court of Appeals, was assigned to preside over the case. (¶ 12). On September 22, 2008, Fifth Third Bank opened an investment account in Judge Monaco's name in an amount that exceeded $15,000, which Judge Monaco promptly withdrew after dismissing Plaintiff's case. (¶¶ 16, 19-21).

In Count I, Plaintiff sues both Fifth Third Bank and Judge Monaco for violations of 18 U.S.C. § 201(b)(1) and (b)(2). (¶¶ 24-26). In Count II, Plaintiff claims that Judge Monaco violated the public disclosure requirements of 5 U.S.C. app. 4 §§ 101-111. (¶¶ 27-29).

---

[2] All references are to Plaintiff's Amended Complaint (Doc. 9), unless a different source is indicated.

Plaintiff's original in forma pauperis motion was denied because of the deficiencies in his original Complaint.  <u>See</u> (Docs. 5 & 7).  Upon consideration and review, I find that Plaintiff's Amended Complaint is equally deficient and should be dismissed with prejudice.

## II.  Discussion

### A.  Count I

Plaintiff's first set of allegations are barred because 18 U.S.C § 201 is a criminal statute that does not provide individuals with a private right of action.  <u>See</u> <u>Ray v. Proxmire</u>, 581 F.2d 998, 1001 (D.D.C. 1978); <u>see</u> <u>also</u> <u>United States v. Condon</u>, 170 F.3d 687, 689 (7th Cir. 1999); <u>Judicial Watch v. Clinton</u>, 880 F. Supp. 1, 5 n.3 (D.D.C. 1995). Accordingly, I recommend that Count I be dismissed with prejudice.

### B.  Count II

Similarly, Count II is due to be dismissed because Congress vested the Attorney General with the authority to initiate a civil action under 5 U.S.C. app. 4 §§ 101-111 and did not provide individuals with a private right of action in the financial disclosure statute. <u>See</u>  5 U.S.C. app. 4 §§ 104(a)(1) ("The Attorney General may bring a civil action in any appropriate United States district court against any individual who knowingly and willfully falsifies or who knowingly and willfully fails to file or report any information that such individual is required to report . . . .").  In addition, Count II should be barred because the federal statute upon which it is based does not apply to state appellate judges.  <u>See</u> 5 U.S.C. App. 4 § 101(f).   Accordingly, I recommend that Count II be dismissed with prejudice.

## III.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.   Plaintiff's Amended Motion to Proceed In Forma Pauperis (Doc. 10) be

     **DENIED**;

2.   The Complaint be **DISMISSED WITH PREJUDICE**; and

3.   The Clerk directed to **CLOSE** the case file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 26, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

     Presiding United States District Judge
     Counsel of Record
     Pro se Plaintiff